Good morning your honor. You can begin whenever you're ready. Thank you. May it please the court. My name is Robert LaRusso and I represent the defendant Joshua Saunders. With your permission I'd like to focus on the homicidal doctrine. The Supreme Court's recent decision in Erlinger v. the United States had settled the first issue that we addressed to the court in our opening brief that the question whether or not the Acker enhancement can be applied because the three offenses were committed on different occasions is not a question for the court it's a question for the government takes the position that even though the court low had committed error it was harmless error. And you agree harmless error applies here, right? You know, legally. I think you said you're, you may not think it's satisfied but we can conduct harmless error in the circumstance, right? Your honor, I'm not making the argument that because Erlinger, and it's out there in reading Erlinger, you could probably argue that harmless error would not be applicable to the decision of the court because it's so important to a defendant's rights to have a trial by jury on any of the elements that the court decides. The Sixth Amendment requires a resolution by a jury as opposed to a judge. But I've read the cases and, Judge, I can in good conscience say that the law says that. So I have for purposes of today taken on the harmless error doctrine that is said by the government. No, I'm sorry. I'm sorry. Just to be clear, so post Erlinger, you're not saying that Erlinger makes clear that harmless error applies, are you? Because, I mean, that's not the read that I had on it. No, Erlinger specifically said that it was not addressing the issue. They did not determine whether or not harmless error was applicable. We've said previously, but Chief Justice- I'm sorry, I apologize. Chief Justice Robertson, in his concurrence, pointed that he believes it applies. But we've said previously, not on this particular issue, but that apprendee errors are subject to harmless error. We said that in Pena, and the Supreme Court has applied harmless error analysis when there's been an apprendee violation, right? And that's what I, I think I wrote that in my opening brief, Judge. Right, that's why you said in good conscience, you make that argument, right? Could make the argument based upon case law. Right, although just to be clear, the references to harmless error were not in the majority opinion. That was in the Chief Justice Robertson's concurrence. And the fact that the majority opinion in Erlinger vacates and remands based on the error, this kind of error, without addressing harmless error, and presumably they were aware of it given that the supporting opinions addressed it, does not, I mean, as you said, it's not clear, it doesn't address it, and it's not clear that it is endorsing a harmless error standard for this type of mistake. Undecided, I agree with the court. Yes. So for purposes of this argument, I'm agreeing that harmless error will be applied and will address the elements necessary to apply the doctrine. But generally, the failure to submit an element to the jury is reviewed for harmless error. You're just saying, is it resolved whether there might be something special about this element that might make it different? But for the purpose of this argument, you're applying harmless error. So why wasn't the error here harmless if it's pretty clear that the crimes took place on different dates? The arrests occurred on the same day of each date. They're all violations of different statutes. How could there be any reasonable doubt that they occur on different dates? Judge, there are two requirements for the application of harmless error. Obviously, one is a contested, an uncontested issue. Government's arguing that we conceded it. The second one, which is the one the court, I believe, is addressing, is whether or not there's sufficient evidence in the record to find that there was three felonies committed beyond a reasonable doubt, which is the standard in harmless error. It has to be looking at it from the eyes of the jury. Can they determine from the facts whether or not the three felonies were committed on different occasions beyond a reasonable doubt? They have the certificates of conviction. They're on different dates. The arrest occurs on the day where the conduct occurred. They're all for different violations. So why is there any reasonable doubt about this question? The answer, Judge, is that the evidence that was available to the court below, and the evidence that we can determine this issue, has to be admissible evidence before a jury. That's the standard in harmless error. And what the judge did below in the district court is made it very clear that she was rendering her opinion based upon the record. Doesn't really clarify what it is, but the government does. It basically was the certificate of dispositions in the plea minutes. But she also specifically referenced the criminal history recitation in the pre-sentence report. And what a harmless error analysis, we're doing the harmless error review now. That may have been when she was making her own finding. So if we can conduct harmless error review, we can look at what's available on the record for us to make a determination that this could be found beyond a reasonable doubt. So we can just look at the certificates of conviction and I think you would conceive based upon the certificates of conviction that Judge Manasci pointed out, it's three different occasions, right? It doesn't matter what the district court did or didn't do in making her finding, we're conducting our own harmless error review now, right? Judge, what I would say is they are not on separate occasions, they're on separate dates. Because under the Erlander and under Wooden, the analysis that has to be made is whether or not, and it's not a simple analysis, it's a multi-faceted analysis that has to be determined. And so the dates are not completely dispositive of the issue. I agree that that's true, but which is why I said it's not just that they're on different dates, it's also that there's an intervening arrest in between each one and there are different violations. But do you have an argument that even though there were two crimes on different dates, somehow we should consider them to be occurring on the same occasion? Yeah, I turn back to Wooden, Judge, which actually set forth the test in terms of what a court should look at in trying to decide the issue. It rejected the government's argument to adjust the date alone. But the government talks about the date and it talks about the particular separate occasion. I'm not disagreeing that in principle, you could have conduct occurring on different dates, but it should still be considered the same occasion. I'm just asking, is there an argument that here, that's how we should think about these offenses? Yeah, Judge, I think there's more to the analysis. The court actually said you had to look to the relationship between the three offenses. It also said that you had to look to see whether or not there's anything that brings the three of them together. Are they intertwined in any respect? Last night, I looked up- Acknowledging all that, are these offenses intertwined? Well, we don't know that. That's the reason why a jury has to make the determination. I'm saying there's insufficient evidence in the record to satisfy the stand, that's all. I understand, but you agreed a moment ago, at least if we're doing harmless error analysis, that we can look at the certificates of conviction. And if we could conclude from that information that it's beyond a reasonable doubt that they were three separate occasions, the error would be harmless. I agree. What? I agree. You agree with that principle, right? I agree with the principle. And you're saying, well, you don't just know that purely from the dates. Okay, I get that, right? But in order to tell me that it's not harmless, I'm just asking, is there a reason for thinking that here, even though they're on different dates with an intervening arrest and they're for different crimes, there's some theory by which you might consider two of them to be sufficiently intertwined that we should consider at the same occasion. The point is that- What is the doubt that a jury would entertain about whether they are three separate occasions? You're putting a burden on the defendant to prove it. What I'm saying is, is it's the government's burden to show that they are separate offenses. And the court, the Supreme Court, has said, you've got to look at more than just the dates and the locations. Is there anything about these particular offenses that show that they're intertwined? They've actually talked about, do they share a common purpose? So if on appeal, when we're doing harmless error analysis, the government says, okay, the certificates of conviction say they are on different dates, the arrests occur the same day. So it's not like they're arrested for an ongoing course of conduct, but they're separate arrests for each of the crimes. And they're all violations of different statutes. So they're distinct crimes. So that argument suggests they're not intertwined. And so we shouldn't consider them to be the same occasion. So if I think the government has put forth an argument that they are separate occasions beyond a reasonable doubt, I'm asking you, why is that not correct? What is the doubt I'm missing that I should be entertaining about why they should be considered the same occasion? Judge, if you find beyond a reasonable doubt that those two factors that the government is going to be relying upon is sufficient, obviously, then- No, I understand. I'm going to give you the opportunity to tell me that I shouldn't- What I'm trying to say, Judge, is that when you look at the criteria that has to be examined, the government's documents, the two documents really that are relevant would be the certificate of convictions and the plea agreements, you only get part of the analysis. You don't know from just the finding of the court below, or even in the record, whether they are connected in common purpose. For example, Judge, each one of these offenses involved the theft of an iPod. And you say, well, wait a minute, we're talking about three offenses that were apart four or five months the first two, and then a couple of years the next time. But it's the same object of the defendant's thefts. They're all forceful robberies. They occur in the city of New York. Okay, so that's what I was asking. So my point is, Judge, is that there's- So you're saying it might be possible to consider it the same occasion because it's a kind of course of conduct that's all directed at a scheme to steal iPods forcibly. And then maybe we should think that it's possible that a jury would decide that they were at the same occasion. Is that the argument? And that's why the courts are asking that in the analysis as to whether they are part of, if there are different, if three felonies were committed on different occasions, you've got to go beyond just the simple date and location. You've got to look to the actual specific facts. You have to determine what happened during those events, who was involved. Those facts are not available in the record. The pre-sentence report relies upon hearsay documents. That's what the court below relied upon, and that was error. Okay, so what facts could come to light that would show that they're not three separate occasions? Well, as I mentioned to you, Judge, if you look at the- The common purpose. Well, common purpose, there is also in Wooden the fact that you have to look to see if they're all committed by the same means. You have to determine whether or not there is a relationship between the crimes themselves and the victims and the offenses, which you can't determine from the limited records. And that's why the analysis is important to start with what the Supreme Court says should be examined. And when you look at what was examined, you see what's missing in the evidence. The pre-sentence report clearly is not admissible in terms of examining it. I think the district court committed error there as well by relying upon a pre-sentence report because the pre-sentence report lists in the description of the three offenses that the basis for it was court records unspecified and New York City arrest reports, which are based upon the Supreme Court Shepherd and based upon Danzig- We don't have to worry about that because we have the certificates of conviction. So again, that's not really, I understand your point. But at this point, on harmless error, we're looking at the certificates of conviction and we've heard the arguments of why you think they're- But I think the argument would be maybe the district court relied on those extra facts that are not in the certificates of conviction to fill in some of these other factors about common purpose or whatever. That would have been an error and it could have been prejudicial. Right. And that and the fact that there is not sufficient evidence to determine whether a jury can find that the three felonies were committed on a different case. Thank you. Thank you very much. Ms. Lorensky. May it please the court, my name is Joy Lorensky and I represent the United States and I represented the government below. The court should affirm this case because the error was harmless beyond a reasonable doubt. Defendant mischaracterizes the Wooden decision. While the Wooden decision does talk about many different factors a court can use, the Wooden decision also says that often one factor, and it specifically references dates, can be dispositive. Can you speak to the what Erlinger, Ellinger, Erlinger, what, how you think that factors into this question of both the appropriateness of harmless error analysis and what should be considered? Because my read of it, it does reiterate the point, I think, that the date alone is not necessarily dispositive on this. And the fact that that case specifically, it remains back to the lower court without addressing harmless error. I'm interested in what your take is on what the significance of that is. Yes, Your Honor. So it did not address harmless error in the majority opinion. Obviously, the concurrence and the dissent both believed that a harmless error analysis would apply here. But by not addressing it in the majority opinion, that means that it did nothing to overturn the existing law from the Supreme Court in Washington v Requenco that clearly held that Apprendi errors are not structural errors and therefore subject to a harmless error analysis. So they're just not applying their prior precedent? Is that the Supreme Court said, well, we acknowledge harmless error can apply to Apprendi type errors, but in this instance, we're just going to reject it and send it back? Well, in that instance, they didn't address harmless error in the majority opinion at all, right? So they didn't say we're sending it back for harmless error analysis. They didn't say we're sending it back for anything. They didn't specify what they wanted to be done. Right. But I guess I'm just suggesting this isn't a situation where sometimes the court will not address something just because nobody raises it or they just don't address it. And so we don't know what it means. But here, they're aware of it. The court's aware of it. The majority opinion is aware that harmless error is kind of floating around out there as a concern. That's correct. But if they wanted to say that harmless error should not apply in these cases and that it was, in fact, structural error, surely they would have said that. So by not saying anything, they left the law in the state that it was in before. They left the law and said that it was in before, but so they could have not addressed the harmless error question for any number of reasons. It could be they thought there was an open question as to whether there's something special about this Apprendi error that makes it structural. It could be they weren't sure if the error was harmless, so they just want the lower court to consider that before they consider it. Right. There's like lots of different conclusions. And so your argument is just the default rule is that an Apprendi error is reviewed for harmless error. Correct. But there's no precedent that would preclude us from saying this type of Apprendi error is somehow so fundamental that it should be structural. While there is no binding precedent, the Eighth Circuit had addressed this question and found that an error of this exact type should be analyzed under the harmless error standard. And that was a non-bonk opinion U.S. v. Stoll. What would be different about this Apprendi error compared to any other Apprendi error? What would make this one special? Nothing, Your Honor. All right. And since Erlinger, the Seventh Circuit has applied harmless error, I don't know if you're aware of this, but they have applied harmless error to this exact Erlinger issue. They found it wasn't harmless in that case because the robberies were on the same day. But there's nothing different about this Apprendi issue than any other Apprendi issue before it, right? Correct. So what about the argument that opposing counsel made about that maybe the error was harmful? So he says the analysis doesn't end with the dates and these are all forcible robberies to steal iPods. And so maybe there's a common purpose and maybe, you know, there might be a relationship among the victims. We just don't know. And so we need more facts. And that argument might be bolstered by the fact that the district court appeared to rely on other kinds of facts in the PSR. So what about that argument? So first, this argument misstates Wooden and misstates the current state of the law, right? Because the Wooden case has specifically said that it is often the time that one factor, including a date, can be dispositive. In fact, the Wooden case specifically said that appeals courts and endorsed that appeals courts that have addressed this issue have all found that crimes occurred on separate occasions when they occurred more than one day apart. So we're nowhere even in that realm. So this is completely consistent with Wooden if we were just to rely on the dates alone. But we're not doing that because, as your honors have pointed out, we have the certificates of conviction, but we also have the plea colloquies in each of these cases. And each of these plea colloquies includes a little bit of information about the crimes, including when they happened. What's more important here, I think, is also that the first two crimes, which are the ones that are closest in time, a couple of months apart, were prosecuted by different jurisdictions. And each crime was committed, he was arrested that same day, as your honor pointed out, and then he pled guilty to that first crime before the next crime was committed. So it would be an extremely novel argument to say, regardless of any connection between the crime, that when you've pled guilty to a first crime and then committed a second crime, that those two crimes occurred on the same occasion. I don't... Right, so even if he had some kind of overarching scheme to go around stealing iPods, the fact that there's an intervening arrest and a guilty plea means that that criminal activity has ended and he must have resumed a separate criminal activity for a subsequent arrest. Yes, your honor. And there's no charge of like an overall conspiracy or scheme or whatever in any of the documents. Yes, your honor. And the language is separate occasions, right? So it's not even, I mean, we don't need to really address this here, but it's not even the case that if it was one conspiracy but involved different crimes on separate occasions, that all those separate occasions would still be separate occasions, right? Like the language here does not refer to conspiracy and there's no particular conspiracy exception, but also there's no indication that anything here involved any kind of conspiracy. So the government's argument is there's no conceivable theory of how these could not be separate offenses for purpose of activity. You can't even imagine a scenario based upon both the certificates of conviction and the other details that you've described based upon the plea colloquies and another arrest that you can't even hypothesize one. Correct. Correct, your honor. If the court has no further questions, we'll rest on our papers. All right. Thank you, your honor. Thank you. We'll reserve decision. Have a good day. That completes the business of the court with. Thanks to Miss Beard, our courtroom deputy. I'll ask that court be adjourned. Court is adjourned.